# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  5:08cr39-RH

EARLIE DEACON BARBER,

      Defendant.

_____/

## ORDER ON THE MOTION FOR A SENTENCE REDUCTION UNDER THE FIRST STEP ACT

The defendant Earlie Deacon Barber has moved for a sentence reduction under the First Step Act. The Act allows a court to reduce a crack-cocaine sentence under specified conditions. Mr. Barber's offense involved both powder and crack cocaine, and his sentence would have been the same based on the powder alone, without regard to the crack. Mr. Barber is not eligible for a sentence reduction.

I

The penalty range for a crack-cocaine trafficking offense can increase based on the quantity of the drug involved in the offense and based on the defendant's prior convictions.

The Fair Sentencing Act took effect in 2010. It changed the quantity of crack that triggers an increase in the penalty range. The increase previously triggered by 5 grams or more now was triggered by 28 grams or more. *See* Fair Sentencing Act, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (2010). The increase previously triggered by 50 grams or more now was triggered by 280 grams or more. *Id.* § 2(a)(1). But these changes were not retroactive—an individual who already had been sentenced could not obtain a sentence reduction on this basis.

The First Step Act, which took effect in 2018, makes these changes partially retroactive, allowing (but not requiring) a court to reduce the sentence of a person whose penalty range would have been different based on the Fair Sentencing Act's changes in the quantity of crack that triggers an increase. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

The First Step Act also changes the definition of prior convictions that can subject a defendant to an increase in the penalty range and changes the low end of a range that is increased based on one or more prior convictions. But these changes, standing alone, do not allow a court to reduce a sentence already imposed.

The change in the definition of prior convictions has two parts. First, under the prior law, any "felony drug" conviction—including one for mere possession— could support an increase, regardless of the sentence actually imposed or how old

the conviction was. *See* 21 U.S.C. § 841(b)(1)(A) & (B). But under the First Step Act, only a drug-*trafficking* conviction can trigger an increase, and even then, only if the statutory maximum sentence was ten years or more, the defendant actually served more than one year, and the defendant was released not more than 15 years before the new offense began. *See* First Step Act § 401(a)(1). Second, the First Step Act adds a new category of prior offenses that can trigger an increase: a "serious violent felony" meeting specified conditions, including that the defendant actually served more than one year in prison. *Id*.

II

Mr. Barber pled guilty in 2009 to a one-count indictment charging conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack. The reference to "cocaine" meant powder cocaine. The judgment listed the offense of conviction in the same way— as involving both 5 kilograms or more of cocaine and 50 grams or more of crack. The statement of facts filed in connection with the guilty plea said Mr. Barber distributed well over 50 kilograms of cocaine. The statement said most of the cocaine was powder but that Mr. Barber knew much of it would be converted downstream into crack. When the presentence report repeated this statement, Mr. Barber objected, asserting he dealt only in powder, never crack.

Under the law in effect at the time, the minimum mandatory sentence was life in prison for a defendant who had at least two prior drug felony convictions—as Mr. Barber did—and whose offense involved 5 kilograms or more of powder, even if the offense involved no crack. And life was also the mandatory sentence for a defendant with two prior drug felony convictions whose offense involved 50 grams or more of crack, even if the offense involved no powder. Mr. Barber received and is serving the mandatory life sentence.

Had the Fair Sentencing Act been in effect when the offense was committed and the sentence was imposed, the mandatory sentence still would have been life. This would have been so based on the amount of powder involved in the offense, without regard to the amount of crack. Because the mandatory sentence still would have been life, Mr. Barber is not eligible for a reduction under the First Step Act. This makes it unnecessary to decide whether, for First Step Act purposes, the amount of crack involved in the offense should be deemed the amount actually involved in the offense or only 50 grams—the amount charged in the indictment. *Compare, e.g.*, *United States v. Means*, 787 F. App'x 999 (11th Cir. 2019) (relying on the amount of crack actually involved in the offense without a detailed analysis) *and United States v. Blocker*, 378 F. Supp. 3d 1125, 1129-32 (N.D. Fla. 2019) (relying on the amount of crack actually involved in the offense and explaining the

result), *with United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019)
(relying of the amount of crack charged in the indictment).

III

Mr. Barber says, though, that the powder involved in his offense should be
ignored—that it makes no difference that the indictment charged and he pled guilty
to a conspiracy offense involving more than 5 kilograms of powder. This is
incorrect.

The First Step Act allows a sentence reduction only for a "covered offense."
*See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.
The statute defines "covered offense" to include only "a violation of a Federal
criminal statute, the statutory penalties for which were modified by section 2 or 3
of the Fair Sentencing Act." *Id.* § 404(a). For a covered offense, the Act allows a
court to "impose a reduced sentence *as if* sections 2 and 3 of the Fair Sentencing
Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect *at the time the
covered offense was committed*." First Step Act of 2018 § 401(b) (emphasis
added). Sections 2 and 3 of the Fair Sentencing Act revised the quantity of crack
that triggers an increase in the penalty range—changing 5 grams to 28 and
changing 50 grams to 280.

Mr. Barber's offense was not a "covered offense" because the Fair
Sentencing Act's drug-quantity changes would not have affected the penalty

range—he faced a mandatory life sentence after adoption of the Fair Sentencing Act just as he did before. And even if this was somehow deemed a "covered offense," the discretion to reduce the sentence "as if" the Fair Sentencing Act's drug-quantity changes had been in effect "at the time the covered offense was committed" would mean no discretion at all. This is so because had those changes been in effect, the mandatory sentence still would have been life, and the life sentence still would have been imposed.

This is both the correct reading of the statute and the result that makes sense. Had Mr. Barber's offense involved only powder, not crack, his indictment would have charged a conspiracy to distribute or possess with intent to distribute 5 kilograms or more of powder. He would have pled guilty, just as he did, and the sentence would have been life—the minimum mandatory—just as it was. He plainly would not be eligible for relief under the First Step Act, which provides relief only for crack offenses. *See, e.g.*, *United States v. Weaver*, No. 4:10cr22-RH (N.D. Fla. Aug. 19, 2019). The assertion that he now qualifies for a lower sentence because his offense involved not only powder but also crack can be justified only on the assertion that all crack offenders may be given relief regardless of what the First Step Act actually says.

## IV

In reaching this result, I have not overlooked the First Step Act's other changes. Even with two qualifying prior drug felony convictions, the minimum sentence for the same offense if committed today would be 25 years, not life. But Congress did not make this change in the minimum sentence retroactive. In addition, today Mr. Barber's two prior drug felony convictions would not increase the penalty range, because the convictions were for simple possession, not for drug *trafficking*. Again, though, Congress did not make this change retroactive. The bottom line: Mr. Barber is not eligible for a sentence reduction under the First Step Act.

## V

In reaching this result, I also have not overlooked *United States v. Medina*, No. 3:05-cr-58, 2019 WL 3769598 (D. Conn. July 17, 2019). That case presented the same issue as this one. The court held the defendant eligible for a First Step Act sentence reduction. More generally, many district courts and the Fourth Circuit in *Wirsing* have read "covered offense" and "as if"—the provisions addressed above—differently than this opinion and my prior opinion in *Blocker*.

Where this will shake out cannot be predicted with certainty. In other cases, sometimes at a defendant's request, I have deferred a ruling pending a Supreme Court or Eleventh Circuit decision on the proper method of determining eligibility

for a sentence reduction. This may be prudent because of the First Step Act's limit of one motion per defendant. This order gives the parties an opportunity to be heard on whether Mr. Barber's motion should be denied at this time or a ruling should be deferred.

VI

For these reasons,

IT IS ORDERED:

1. Each party may file a succinct statement by February 12, 2020 setting out the party's position on whether a ruling on the motion to reduce the sentence should be entered at this time or deferred.

2. The clerk must provide copies of this order to the attorneys of record and the Federal Public Defender.

SO ORDERED on January 22, 2020.

s/Robert L. Hinkle_____
United States District Judge